## MAY TERM, 1738.

### Digges's Lessee *vs.* Jarman.

Ejectment for *Branford*, lying in Queen-Anne's county.

The *Special Verdict* in this case finds a grant for the land to *William Digges*, father of the lessor of the plaintiff, dated the 13th of May 1682. That grantee had *E. Digges*, his eldest son and heir at law, who died without issue on the 14th of April 1714, having by his will, stating amongst other things, that being engaged unto *John Hyde*, merchant in London, for the payment of some money, wherefore the better to enable his executors to comply with the engagements, and make due payment of all his just debts, and the legacies, &c. it was his will and desire, that all the remaining part of his estate, except what should be particularly excepted, be managed and ordered by his executors after the best manner for

raising of money to make the aforesaid payments; and if payments could not sooner be complied with, that they keep the said estate in their hands for that use, intent and purpose, during the term of five years from his death, and after then to deliver the said estate into the hands and possession and to the uses as should by the said will be appointed and directed. And he thereby empowered and authorised his said executors to sell all that tract of land called *Branford*, and the produce to apply to the discharge of his debts. His personal estate, after the payment of all his just debts, to be divided equally amongst his brothers *Charles, William, John* and *Dudley*, and his sister *Mary*. He appointed his brothers *Charles* and *William Digges*, and *Henry Darnall, Anthony Neale*, and *Benjamin Hall*, his executors. That the lessor of the plaintiff is heir at law of the said *Edward Digges*. That three of the executors named in the will, viz. *H. Darnall, B. Hall* and *A. Neale*, on the 12th of May 1714, renounced the executorship. That letters testamentary were on the 19th of April 1714, granted to *Charles*, the lessor of the plaintiff, and *William Digges*, the other two executor named in the will. That on the 7th of September 1714, *Charles*, the lessor of the plaintiff, and one of the executors aforesaid, released and relinquished to the other executor. That *W. Digges*, the executor, and as such on the 24th March 1730, sold and conveyed the land in question to the defendant. That there was a large debt due from the testator to *J. Hyde*, and that *W. Digges*, the executor, paid the said debt out of the estate of the testator.

*B. Young*, for the Plaintiff.

*Dulany*, (Attorney-General), for the Defendant. No seisin has been found in *E. Digges*, nor indeed in the patentee, without which no descent could be cast on *C. Digges*, the lessor of the plaintiff. Questions—1. Whether the sale is good? 2. Whether the verdict is not bad?

By 21 *Hen. VIII. ch.* 4, executors, who take upon themselves the probate of the will, may sell though others refuse. Two executors were appointed to sell to pay debts and legacies, one dies, the other sold, and the sale adjudged good.—1 *Jo.* 352. *Cro. Car. S. C.* 382. *Hard.* 419, 405. 1 *Cha. Rep.* 35.

JUDGMENT upon the special verdict for the Defendant.

The Plaintiff appealed to the Court of Appeals. It does not appear what was done on the appeal.